IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARIF MOZAAR MUSTAFA EL:BEY, ) <br> formerly known as Alton Cannon, ) <br> ) <br>        Plaintiff, ) <br> ) <br>      v. ) <br> ) <br> WILMINGTON POLICE DEPARTMENT ) <br> et al., ) <br> ) <br>        Defendants. ) | Civ. No. 11-1200-GMS |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Sharif Mozaar Mustafa El:Bey ("El:Bey"), formerly known as Alton

Cannon, filed a complaint with a request for mandatory injunction on December 5, 2011. (D.I.

2.) El:Bey resides in Wilmington, Delaware and is a frequent filer in this court. He appears *pro*

*se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the

court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the instant complaint, El:Bey cites to numerous federal criminal statutes, the

Administrative Procedure Act, repealed statutes, and a civil rights statute. The civil cover sheet

describes the instant action as "fraud pertaining to real/personal property" pursuant to 18 U.S.C.

§ 1651. The complaint is silent as to jurisdiction, but the civil cover sheet states that jurisdiction

rests pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship. El:Bey names as

defendants the Wilmington Police Department ("Wilmington Police"); Robert Martin ("Martin")

of Newark, Delaware, who apparently is the managing member of Vestinus LLC ("Vestinus")

and/or September, LLC ("September"); Tina D'Antonio ("D'Antonio"), a realtor from Chaddsford, Pennsylvania; and the Court of Chancery of the State of Delaware ("Court of Chancery"). For relief El:Bey seeks a "mandatory injunction."

El:Bey filed a complaint in the Court of Chancery of the State of Delaware to preliminarily and permanently enjoin the Police Department, Martin, and D'Antonio from encroaching and trespassing on land to which El:Bey claimed title.[1] (D.I. 2, Ex. Nov. 23, 2011 Court of Chancery Opinion ("the opinion").) The allegations in the Court of Chancery case and the instant complaint are extremely similar, the main difference being that the instant complaint was filed approximately two weeks following the November 23, 2011 opinion in the Court of Chancery case, names the Court of Chancery as a defendant, and continues with events following issuance of the opinion.

On November 1, 2011 El:Bey "found" abandoned property located at 2105 Baynard Boulevard, Wilmington, Delaware ("the property"), that had been vacated by Larry and Karen Hicks ("the Hicks"). El:Bey took up residence on the property on November 5, 2011. El:Bey claims that the abandoned property belongs to him and that he has a right to the property pursuant to a "Mortgagee Worthier Deed" dated October 31, 2011, and filed November 2, 2011. The Recorder of Deeds did not designate the document as a deed at the time of filing.

On November 7, 2011, D'Antonio was showing the property to a potential buyer. When they discovered El:Bey, they called the police and, as alleged by El:Bey, began "stalking, threatening, harassing him, and trespassing on the property. On November 8, 2011, Wilmington

---

[1]Matthew Severance was also a named defendant in the Court of Chancery case. He is not a named defendant in the instant complaint.

2

Police responded to a call from Martin and D'Antonio. The police, without a court order, gave

Martin and D'Antonio permission to change the locks on the property and enter the property.

El:Bey vacated the property.[2] El:Bey returned to the property on November 15, 2011, to claim it

by entering the property. The Wilmington Police arrived and threatened El:Bey and his visitors

warning them to leave the property. El:Bey "reported" to the police station and was further

warned against returning to the property.

The Court of Chancery issued its opinion on November 23, 201, finding that El:Bey had

no legal claim to the property. The Court of Chancery found that the Hicks transferred the

property to Vestinus on November 16, 2010, and that Vestinus transferred the property to

September on the same date through a Quitclaim Deed. El:Bey alleged that the Quitclaim Deed

is fraudulent. The Court of Chancery found El:Bey's complaint both factually and legally

frivolous and that the "Mortgagee Worthier Deed" did not grant title to the property to him.

Nonetheless, once again El:Bey was at the property on December 2, 2011, and he "noticed" that

his personal belongings had been removed from the property and there were "intruders" from

September/Vestinus and ReMax Independence. Again, the police were again called and El:Bey

was warned to leave the property and not return or face arrest. El:Bey "offered" for Martin and

D'Antonio to file a petition for eviction but they refused.

El:Bey alleges that the Wilmington Police did not have jurisdiction to evict him from the

property without a court order and that the State of Delaware, Vestinus/September, and the State

of Delaware Recorder of Deeds conspired to erase/remove the Hicks' deed off the registry books.

---

[2]The Court of Chancery case indicates that El:Bey noticed a broken window at the
property and vacated it out of fear for his safety and well-being.

He seeks a "federal protection order" against the Wilmington Police, Martin, and D'Antonio to protect him from people/police, to prevent the Wilmington Police from interfering in a private matter, and to preclude them from continued trespass with the assistance of Martin and D'Antonio.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because El:Bey proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.

4

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant El:Bey leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that El:Bey has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege El:Bey's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Issue and Claim Preclusion

The court first addresses the issues of res judicata and collateral estoppel. Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *See Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21, 23 (3d Cir. 2007) (not published); *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Transamerica Occidental*, 292 F.3d at 392.

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *See Fairbank's Capital Corp.*, 234 F. App'x at 23. Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc.*

6

*v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)). There are four requirements for the application of collateral estoppel: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (internal quotation marks and citations omitted).

El:Bey raised the same or similar claims in the Court of Chancery, and he merely continued with his claims in this court when the Court of Chancery ruled against him and he filed the instant suit against three of the four defendants in the Court of Chancery case and added the Court of Chancery as a defendant. El:Bey is barred under the doctrine of issue preclusion to relitigate his claims relating to his entitlement to the property. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.,* 63 F.3d 1227, 1231-32 (3d Cir. 1995). To the extent El:Bey seeks to raise additional claims that could have been raised in his prior action, said claims are also barred. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1994). El:Bey's time to raise his claims occurred when he unsuccessfully sought recovery in the Court of Chancery. El:Bey may not relitigate the claims he currently raises against the defendants as they are barred under the doctrines of claim and issue preclusion.

**B. *Rooker-Feldman* Doctrine and *Younger* Abstention Doctrine**

**1. *Rooker-Feldman* Doctrine**

Federal district courts are courts of original jurisdiction and have no authority to review

final judgments of a state court in judicial proceedings.[3]  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002).  The *Rooker-Feldman* doctrine applies in cases "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

El:Bey couches his claims as violations of federal criminal law, the Administrative Procedure Act and conspiracy pursuant to 42 U.S.C. § 1986.  It is evident, however, that he actually seeks review and rejection of Court of Chancery's November 23, 2011 opinion. Plaintiff's claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction.  Allowing Plaintiff's claims to proceed against Defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  Thus, to the extent that Plaintiff seeks to have this Court invalidate the order of the Court of Chancery, it lacks the jurisdiction to do so.

### 2. *Younger* Abstention Doctrine

The court does not know the current status of the Court of Chancery case.  It may be that

---

[3]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

8

the case is pending or is on appeal. The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings, has been extended to civil cases and state administrative proceedings, and applies until all appellate remedies have been exhausted. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Three requirements must be met for the application of the *Younger* doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

It is not clear if there is an ongoing state judicial proceeding. Nonetheless, the State of Delaware has a substantial interest in the fair administration of real estate matters. Notably, State court proceedings provide plaintiff with an adequate opportunity to present any potential federal claims. Based upon the foregoing, to the extent there are ongoing proceedings, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over plaintiff's claims.

## C. Frivolous Claims

El:Bey raises claims under federal criminal statutes. To the extent that El:Bey seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*,

9

270 F. App'x 149, 150 (3d Cir. 2008) (not published); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, the Administrative Procedure Act is inapplicable to the facts as alleged. Finally, El:Bey mentions 42 U.S.C. § 1986. A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir.1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). El:Bey has not properly pled a § 1985 conspiracy under any viable legal theory and, therefore, the Court will dismiss the § 1986 claim.

For the above reasons, the court will dismiss the complaint as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

## V. CONCLUSION

For the above reasons the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2012
Wilmington, Delaware

---

[4]The court also notes that the Court of Chancery is immune from suit. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (Delaware State Courts have Eleventh Amendment sovereign immunity from § 1983 claims).

10